# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

La'Roi Torrence,                                          Civil No. 04-2891 (JMR/SRN)

                          **Plaintiff,**

v.                                                       REPORT AND RECOMMENDATION

Doug Gruber, David Corbo, and
Joan Fabian, Commissioner of
the Department of Corrections,

                          **Defendants.**

---

La'Roi Torrence, *pro se*, for Plaintiff.

Jennifer A. Service, Esq., for Defendants.

---

SUSAN RICHARD NELSON,  United States Magistrate Judge

     The above entitled matter comes before this Court on Defendants' Motion for Summary Judgment. (Doc. No. 7).  This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c).  For the reasons set forth below, this Court recommends that Defendants' Motion for Summary Judgment be granted.

## I.    BACKGROUND

     Plaintiff La'Roi Torrence ("Plaintiff") has commenced a suit, under 42 U.S.C. § 1983,  against various state officials alleging violations of his constitutional rights.  Specifically, Plaintiff alleges that Defendants have acted in violation of his due process rights by placing him on intensive supervised release. Defendants include:  Doug Gruber, Plaintiff's case manager; David Corbo, the Warden at the Minnesota Correctional Facility at Stillwater; and Joan Fabian, the Commissioner of the Department of Corrections.

On April 3, 2002, Plaintiff was committed to the custody of the Commissioner of Corrections after being convicted of Third Degree Assault.  (Affidavit of Lisa Rudeen ("Rudeen Aff."), ¶ 2).  At the time of his conviction, Plaintiff had previously served sentences for Terroristic Threats and First Degree Burglary.  (Id., at ¶ 3; Ex. A to Rudeen Aff.).  Plaintiff also had three prior convictions for Fifth Degree Assault.  (Id.).

In Minnesota, prisoners who become eligible for release from imprisonment prior to the expiration of their sentences are placed on supervised release.  (Minn. Stat. § 244.05, subd. 1).  The Department of Corrections ("DOC") may, based on certain factors, place certain offenders on intensive supervised release for all or part of their supervised release term.  (Id., at subd. 6).  Offenders on intensive supervised release are subject to special conditions and restrictions that are designed for the particular offender, such as electronic monitoring, residence approval, special programming, and other limitations.  (Minn. Stat. § 244.05, subd. 6; Affidavit of Doug Gruber ("Gruber Aff."), ¶5).

Defendant Doug Gruber ("Defendant Gruber") was Plaintiff's case manager.  (Gruber Aff., ¶ 2).  Based on several factors, including the severity of Plaintiff's offense and his criminal record, Defendant Gruber recommended that Plaintiff be placed on Public Risk Monitoring ("PRM") status.  (Id.).  As a result of this PRM status, and pursuant to DOC Policy 106.112, when Plaintiff became eligible for supervised release on June 14, 2004, he was placed on intensive supervised release.  (Id., ¶ 3, 4; Ex. A to Gruber Aff.).

On June 4, 2004, Plaintiff filed his current Complaint under 42 U.S.C. § 1983 alleging that Defendants violated his right to due process by placing him on intensive supervised release under  Minn. Stat. § 244.12.  (See Complaint, Doc. No. 1).  Plaintiff contends that he does not fit the criterion under

that statute because he must be a willing participant.  Previously, Plaintiff had complained to authorities about his placement on intensive supervised release.  On May 21, 2004, Mary McComb, Litigation Manager to the DOC, sent Plaintiff a letter explaining that placement on intensive supervised release is within the discretion of the DOC, and that Plaintiff met the criteria for intensive supervised release.  (Ex. B to Gruber Aff.).  The letter also explained that Plaintiff was not being released under Minn. Stat. § 244.12 - Intensive Community Supervision, but rather, he was being released on supervised release, the status of which was to be intensive, and compliance with intensive supervised release requirements was a condition of his release.  (Id.).

Despite this letter, Plaintiff filed his Complaint seeking declaratory and injunctive relief, as well as monetary damages.  (Complaint, ¶¶ 19-21).  On March 3, 2005, Defendants filed their current motion for summary judgment arguing the following: (1) Plaintiff's claim for monetary damages is barred by the Eleventh Amendment; (2) Plaintiff did not allege a deprivation of his constitutional rights; and (3) even if Plaintiff had alleged a due process violation, Defendants are entitled to qualified immunity.  (Doc. No. 7; see also Defendant's Memorandum in Support of Summary Judgment Motion ("Def. Memo"), Doc. No. 8).  Plaintiff has failed to respond to Defendants' motion for summary judgment, and has not refuted any of Defendants' arguments.[1]

---

[1]  Defendants represent that the summary judgment documents they served on Plaintiff were returned to their attorney's office indicating that Plaintiff had moved without leaving a forwarding address. (Doc. No. 12).  As such, it is possible that Plaintiff has not responded to Defendants' motion because he did not receive the motion papers.  However, this Court finds that Plaintiff did not receive the papers due to his own failure to keep the Court apprised of his location, as well as his failure to be aware of the proceedings in his own case.

## II.   STANDARD OF REVIEW

The Supreme Court has held that summary judgment is to be used as a tool to isolate and dispose of claims or defenses that are either factually unsupported or based on undisputed facts.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323-27 (1986); Fisher v. Pharmacia & Upjohn, 225 F.3d 915, 919 (8th Cir. 2000).  Summary judgment permits courts to issue a judgment as a matter of law, on the merits, and without trial, as long as there are no genuine issues of material fact.  Fed.R.Civ.P. 56; see also Reich v. ConAgra, 987 F.2d 1357, 1359 (8th Cir. 1993).  Summary judgment is appropriate when the moving party establishes, based on the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 322-23.  When considering a motion for summary judgment, the moving party bears the burden of proof, and a court should construe all evidence in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, the party opposing summary judgment may not "rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 249-56 (noting that if the evidence submitted by the non-moving party is merely colorable or is not significantly probative, summary judgment may be granted); see also Fed. R. Civ. P 56(e).  "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48.  Thus, summary judgment is proper when the non-moving party fails to provide the Court with specific evidence indicating that there is a genuine issue of material fact for trial. Maxwell v. K-Mart Corp., 844 F. Supp. 1360, 1365 (D.Minn. 1994); Rainforest

4

Café, Inc. v. Amazon, Inc., 86 F.Supp.2d 886, 893 (D.Minn. 1999).

A genuine issue of material fact only exists if: (1) there is a disputed fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine. RSBI Aerospace, Inc. v. Affiliated FM Ins. Co., 49 F.3d 399, 401-02 (8th Cir. 1995). For these purposes, a disputed fact is "material" if it must inevitably be resolved and the resolution will determine the outcome of the case; while a dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. See Anderson, 477 U.S. at 248.

A court should afford a *pro se* litigant the benefit of the doubt in construing his or her pleadings and factual averments. See Malek v. Camp, 822 F.2d 812 (8th Cir. 1987); Miller v. Solem, 728 F.2d 1020 (8th Cir. 1984), cert. denied, 469 U.S. 841 (1984). *Pro se* plaintiffs must, however, meet the same standards as litigants represented by counsel to survive a summary judgment motion or a motion to dismiss. "The complaint must allege facts which, if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980); Quam v. Minnehaha County Jail, 821 F.2d 522 (8th Cir. 1987); see also, Martin v. Sargent, 780 F.2d 1334, 1337 (1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions").

## III.   DISCUSSION

Defendants argue that Plaintiff's Complaint should be dismissed on summary judgment for the following reasons:  (1) Plaintiff's claim for monetary damages is barred by the Eleventh Amendment; (2) Plaintiff did not allege a deprivation of his constitutional rights; and  (3) even if Plaintiff had alleged a due process violation, Defendants are entitled to qualified immunity.  (Def. Memo, Doc. No. 8).  This Court agrees with Defendants' arguments on all three grounds.  As such, this Court recommends that Defendants'

5

motion for summary judgment be granted and Plaintiff's Complaint be dismissed with prejudice.

**A.      Plaintiff's Claim for Monetary Damages is Barred by the Eleventh Amendment.**

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subject of any Foreign State." U.S. Const. Amend. XI. Absent a waiver, the Eleventh Amendment protects the state and its officials acting in their official capacities from § 1983 liability. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). While the Eleventh Amendment does not bar § 1983 damage claims against state officials acting in their personal capacities, absent a clear statement that the defendants are being sued in their personal capacity, courts in the Eighth Circuit interpret the complaint as containing only official capacity claims. Murphy v. State of Arkansas, 127 F.3d 750, 754-55 (8th Cir. 1997), quoting Egerdahl v. Hibbing Comm. College, 72 F.3d 615, 619 (8th Cir. 1995). This clear statement is required even if the plaintiff alleging the § 1983 damage claim is *pro se*. See Wells v. Brown, 891 F.2d 591, 592 (6th Cir. 1990).

In this case, the Court finds no evidence that the State has waived its Eleventh Amendment immunity. Furthermore, there is no clear statement or any other indication that Plaintiff has sued Defendants in their personal capacity. As such, this Court finds that Plaintiff has only sued Defendants in their official capacities as employees of the Minnesota DOC. Therefore, to the extent that Plaintiff seeks monetary damages for actions taken by Defendants in their official capacities, those claims against Defendants are barred by the Eleventh Amendment.

**B.      Plaintiff's Claim Does Not Constitute a Violation of His Constitutional Rights**

Plaintiff alleges that his due process rights were violated by his placement on intensive supervised

6

release.  Plaintiff based his claims on his belief that his placement on intensive supervised release was pursuant to Minn. Stat. § 244.12 - Intensive Community Supervision.  Based on that statute, Plaintiff argues that his due process rights were violated because he did not agree to participate in intensive supervised release, the sentencing judge did not mention intensive supervised release placement, he did not meet the necessary criteria to be placed on intensive supervised release, and such placement limits his ability to find work and a place to stay.

Plaintiff misunderstands the statutory basis for his placement on intensive supervised release.  As explained in the May 21, 2004, letter from Mary McComb, Litigation Manager to the DOC, Plaintiff was not placed on Intensive Community Supervision under § 244.12.  (Ex. B to Gruber Aff.).  Instead, Plaintiff was placed on supervised release under § 244.05, with the added conditions and requirements of intensive supervised release.  Indeed, the statute Plaintiff cites as the basis for his Complaint, along with its criteria and requirements, have nothing to do with Plaintiff's placement on intensive supervised release.  Placement on intensive supervised release under § 244.05, is within the discretion of the DOC and offender permission is not necessary.  Similarly, DOC authority to place an offender on intensive supervised release is not dependent on the sentencing judge's recommendation.  Furthermore, there is no indication that the DOC or the Defendants abused their discretion in placing Plaintiff on intensive supervised release.

Accordingly, this Court finds that the allegations in Plaintiff's Complaint do not constitute a deprivation of any of Plaintiff's due process rights, substantive or procedural.  As Plaintiff's allegations are insufficient to constitute a due process claim, Plaintiff's Complaint should be dismissed with prejudice and Defendant's motion for Summary Judgment should be granted.

**C.     Defendants are Protected by the Doctrine of Qualified Immunity**

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "To withstand a motion for summary judgment on qualified immunity grounds, a civil rights plaintiff must (1) assert a violation of a constitutional right; (2) demonstrate that the alleged right is clearly established; and (3) raise a genuine issue of fact as to whether the official would have known that his alleged conduct would have violated plaintiff's clearly established right." Omni Behavioral Health v. Miller, 285 F.3d 646, 651 (8th Cir. 2002) (quoting Habiger v. City of Fargo, 80 F.3d 289, 295 (8th Cir. 1996)).

Although this Court concludes that Plaintiff's claims do not rise to the level of a  constitutional violation, even if they did, Defendants would nonetheless be entitled to qualified immunity.  Even if Plaintiff could establish that his placement on intensive supervised release was unlawful, Plaintiff has failed to demonstrate that the unlawfulness was clearly established.  The Commissioner of Corrections has broad statutory authority over the release and re-incarceration of offenders. State v. Schwartz, 628 N.W.2d 134, 138 (Minn. 2001); Minn. Stat. § 243.05 and 244.05.  Defendants acted in accordance with that authority and within the DOC's discretionary bounds, in placing Plaintiff on intensive supervised release.  As such, Plaintiff cannot establish that a genuine issue of fact exists as to whether  Defendants knowingly violated a clearly established constitutional right.  Therefore, Defendants are entitled to qualified immunity against Plaintiff's claims.

This Court finds that there are no genuine issues of material fact as to Plaintiff's Complaint. Accordingly, this Court recommends that Defendants' motion for summary judgment be granted and

Plaintiff's Complaint be dismissed with prejudice.

## IV.   RECOMMENDATION

Accordingly, based on all the files, records and proceedings herein, **IT IS RECOMMENDED**

that:

1.      Defendants' Motion for Summary Judgment (Doc. No. 7) be **GRANTED**;  and

2.      Plaintiff's Complaint (Doc. No. 1) be **DISMISSED with prejudice**.

Dated: <u>January 17, 2006</u>                    <u> s/Susan Richard Nelson     </u>
                                                Susan Richard Nelson
                                                United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **<u>January 31, 2006</u>**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by (same date as above), 2005 a complete transcript of the hearing. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.